O

# United States District Court
# Central District of California

| | |
|---|---|
| STEPHEN CUMMINGS,<br><br>                  Plaintiff,<br><br>        v.<br><br>DOLBY LABORATORIES, INC., et al.,<br><br>                  Defendants. | Case No. 2:20-cv-04443-ODW(PVCx)<br><br>**ORDER GRANTING MOTIONS TO DISMISS [20][29][37] AND DENYING MOTIONS TO EXTEND [55][57] AND GRANTING MOTION FOR ATTORNEYS' FEES [16]** |

## I.   INTRODUCTION

On May 15, 2020, Plaintiff Stephen Cummings filed the instant suit. On July 13, 2020, the Court held a telephonic hearing on several motions in this matter ("July Hearing"). Cummings impermissibly called into the telephonic hearing on a cellular telephone, which resulted in Cummings's garbled transmission. As the Court had difficulty hearing Cummings despite specific instructions to appear telephonically only on a landline and sufficient notice of the hearing, the Court considered the parties' arguments presented in the written briefs. Fed. R. Civ. P. 78; L.R. 7-15.[1]

For the reasons below, the Court **GRANTS** Defendants' Motions to Dismiss. (Mot. to Dismiss by James Cameron, Lightstorm Entertainment, Inc., Paramount Home Entertainment, Inc., Paramount Pictures Corp., Twentieth Century Fox Film

---

[1] At the July Hearing, the Court also denied the Motion to deem Cummings a vexatious litigant. (ECF No. 17.)

Corp., (collectively, "Cameron Group") ("Cameron Group Mot."), ECF No. 20; Mot. to Dismiss by Dolby Laboratories, Inc. ("Dolby") ("Dolby Mot."), ECF No. 29; Mot. to Dismiss by Sony Pictures Entertainment, Inc. ("Sony") ("Sony Mot."), ECF No. 37.) Consequently, the Court **DENIES** Cummings's Motions for Extensions of Time to Serve various Defendants. (ECF Nos. 55, 57.) The Court also addresses the Cameron Group's Motion for Attorneys' Fees. (Mot. for Attys' Fees, ECF No. 16.)

## II. FACTUAL BACKGROUND

This lawsuit is Cummings's third attempt to recover from Defendants Lightstorm Entertainment, Inc., Sony Pictures Entertainment, Inc., Paramount Pictures Corp., Paramount Home Entertainment, Inc., Twentieth Century Fox Film Corp., and James Cameron and first attempt against Dolby Laboratories, Inc. (collectively, "Defendants") based on allegations that Defendants adapted the 1997 motion picture Titanic from Cummings's life story. (*See* Notice of Removal Ex. A ("Compl."), ECF No. 1-1.)

On May 19, 2017, Cummings first filed this lawsuit in the Middle District of Florida. *See* Compl.; *Cummings v. Cameron*, No. 6:17-cv-00908-CEM (M.D. Fla. May 19, 2017) ("*Cummings I*"). That case was dismissed because Cummings failed to comply with the local rules. *Cummings v. Cameron*, No. 6:17-cv-1897 ORL41 (DCI), 2018 WL 5629931, at *2 n.2 (M.D. Fla. Oct. 31, 2018).

Plaintiff filed a second lawsuit at the same venue on November 2, 2017. *See Cummings v. Cameron*, No. 6:17-CV-1897 ORL41 (DCI) (M.D. Fla. Oct. 10, 2018) ("*Cummings II*"). The case was dismissed with prejudice. *Cummings II*, No. 6:17-cv-1897-Orl-41DCI, 2018 WL 5629931, at *2 (M.D. Fla. Oct. 31, 2018), *appeal dismissed*, No. 18-14836-D, 2019 WL 6249386 (11th Cir. June 25, 2019).

In the instant matter, all Defendants move to dismiss this case on the basis of res judicata or collateral estoppel. (*See* Cameron Group Mot., Dolby Mot., Sony Mot.) Additionally, Dolby moves to dismiss for failure to state a claim. (*See* Dolby

Mot.)  Finally, the Court addresses the Cameron Group's Motion for Attorneys' Fees. (*See* Mot. for Atty Fees.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.

*See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV. DISCUSSION[2]

Defendants move to dismiss this case on the basis of res judicata or collateral estoppel. (*See* Cameron Group Mot.; Dolby Mot.; Sony Mot.) Additionally, Dolby moves to dismiss for failure to state a claim. (*See* Dolby Mot.) Finally, the Court addresses the Cameron Group's Motion for Attorneys' Fees. (Mot. for Atty Fees.)

### A. Failure to State a Claim

The Court addresses Dolby's motion first. Dolby correctly asserts that Cummings only made two allegations against it in the entirety of his Complaint—first, to assert that Cameron is the owner of Dolby, and second, to allege that all Defendants including Dolby engaged in a conspiracy. (Compl. ¶¶ 8, 11.) "To establish a common law claim for civil conspiracy, [plaintiff is] required to prove by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means[ ] and (2) the conspirators entered into an agreement to accomplish the conspiracy . . .. Mere suspicion or commonality of interests is insufficient to prove a conspiracy." *Conklin*

---

[2] Cameron Group and Sony request for judicial notice of Cummings's prior lawsuits. (Reqs. for Judicial Notice, ECF Nos. 21, 38.) Dolby requests judicial notice of corporate disclosure documents. (Req. for Judicial Notice, ECF No. 30.) Finally, Cummings requests judicial notice of various documents as well. (Pl.'s Req. Judicial Notice, ECF No. 27.) "A court may . . . consider certain materials . . . [including] matters of judicial notice" when ruling on a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also* Fed. R. Evid. 201 (providing that judicial notice may be appropriate where facts are not subject to reasonable dispute). The Court **GRANTS** requests by Cameron Group and Sony to judicially notice the order granting the motion to dismiss in *Cummings II*, No. 6:17-cv-1897 (M.D. Fla.) The Court also **GRANTS** the requests to consider the ownership of Dolby as such information is publicly available. *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (Morrow, J.) ("Courts can consider securities offerings and corporate disclosure documents that are publicly available") (citing *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008)). The Court **DENIES** all other requests as the Court does not consider those materials in the disposition of the motions to dismiss.

*v. Univ. of Washington Med.*, No. C:18-0090-RSL, 2018 WL 5895352, at *4 (W.D. Wash. Nov. 9, 2018), aff'd, 798 F. App'x 180 (9th Cir. 2020).

First, the Court "need not [ ] accept as true allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001). The Court took judicial notice of the corporate disclosures demonstrating that Cameron does not own Dolby and thus, the Court does not accept as true Cummings's allegation that Cameron owns Dolby.

Without this assertion Cummings fails to connect Dolby to the conduct of the remaining Defendants and thus, fails to sufficiently allege a claim for conspiracy. Additionally, as discussed in detail below, Cummings's claims against the remaining Defendants are barred by res judicata. Thus, the Court finds that no additional allegations could cure Cummings's deficiency or properly raise a claim that Dolby engaged in a conspiracy to use Cummings's likeness in the film Titanic. Accordingly, the Court **DISMISSES without leave to amend** claims against Dolby.

**B.      Res Judicata**

Next, the Court addresses the Cameron Group Motion and Sony Motion to dismiss Cummings's complaint based on res judicata. (*See* Cameron Group Mot.; Sony Mot.) Res judicata bars lawsuits based on "any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis and internal quotation marks omitted). Res judicata applies to bar a suit where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.*

*1.      Identity of Claims*

First, to establish identity of claims, the Court considers whether: (1) "the two suits arise out of the same transactional nucleus of facts"; (2) "rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action"; (3) "the two suits involve infringement of the same right"; and

(4) "substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Here, Cummings files an action seeking declaratory relief and damages based on infringement of common law right of publicity and copyright. (*See* Compl.) First, the instant matter and *Cummings II* arise out of the same nucleus of facts: In *Cummings II*, he alleged Defendants used his "life story, studied him, and used his 'image, . . . name[,] ideas, . . . art, . . . actions, . ."music/ability vocally," . . . personality[,] . . . character, [and] . . . interactions with others' to create *Titanic* and in connection with the sale of *Titanic* merchandise." *Cummings II*, 2018 WL 5084748, at *1 (M.D. Fla. Aug. 28, 2018), *report and recommendation adopted in part, rejected in part*, 2018 WL 5629931 (M.D. Fla. Oct. 31, 2018). In the instant suit, Cummings alleges that Sony and the Cameron Group "have used Plaintiff's name/image/likeness/words/ photograph/ideas/life history and life story/other originating with ONLY the Plaintiff, to promote themselves, and/or the motion picture 'Titanic'" (Compl. ¶ 13.) Thus, the first factor weighs in favor of establishing an identity of claims. Next, the second and third factors demonstrate an identity of claims because both the instant matter and *Cummings II* dealt with claims of rights to publicity and copyright infringement; reevaluating the claims dismissed in *Cummings II* would prejudice Defendants, forcing them to expend resources litigating previously resolved cases. *Compare Cummings II* 2018 WL 5084748, at *1 *with* Compl. ¶¶ 13–15. Finally, as the claims are identical, the evidence required to establish the claims would necessarily be identical. Considering the four factors, the Court finds that the identity of claims element has been met.

    2.  *Final Judgment on the Merits*

Second, the prior suits must have reached "a final judgment on the merits." *Stewart*, 297 F.3d at 956. "[F]inal judgment on the merits is synonymous with dismissal with prejudice." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (alteration in original) (internal quotation marks omitted).

The prior lawsuit was dismissed with prejudice. *See Cummings II*, 2018 WL 5629931, at *2 ("The Amended Complaint (Doc. 44) is DISMISSED with prejudice.") Thus, this factor is also met.

### 3. *Identity or Privity Between Parties*

Third, the parties in the current action must be identical to or in privity with the parties from the prior actions. *Stewart*, 297 F.3d at 956. In *Cummings II*, Cummings filed suit against James Cameron, Lightstorm Entertainment, Inc., Sony Pictures Entertainment Inc., Paramount Pictures Corp., Paramount Home Entertainment, Inc. and Twentieth Century Fox Film Corporation, the identical parties raising this defense in the instant matter. *Id.* Thus, there is no doubt that this requirement is satisfied.

### 4. *Cummings's Opposition*

Cummings filed an untimely opposition to the three motions to dismiss, which the Court nonetheless accepted. (Opp'n to Mots., ECF No. 60; Min. Order, ECF No. 52.) However, Cummings simply reiterates the standard, "'Res Judicata' does NOT APPLY unless the claims have been FULLY LITIGATED", and adds inflammatory remarks, "Your Honor,-do I have to put the defendants council [sic] through Law School MYSELF?????.......ahem……" (Opp'n to Mots. 3–4.)

Cummings's statements are far from clear, yet the Court attempts to discern his arguments. He seems to argue that the prior judgment was obtained by fraud; however, the District Court in Florida adopted in part the Report and Recommendation of the Magistrate Judge who found that Cummings had filed a shotgun pleading. Opp'n to Mots. 5–6; *Cummings II*, 2018 WL 5084748, at *5, *report and recommendation adopted in part, rejected in part*, 2018 WL 5629931. The Court finds no evidence of fraud in the prior case and no specific allegations of fraud are asserted. Next, Cummings argues that he included novel common law claims in the instant suit precluding a finding of res judicata; however, each cause of action asserted in the Complaint are premised on his allegations that the Defendants misused his rights to create and profit from the film Titanic. (Opp'n to Mots. 7; *see* Compl.)

As all claims arise out of the same transactional nucleus of facts and satisfy the remaining factors of the identity of claims prong, the Court finds that any newly asserted claims are equally barred by res judicata. Thus, Cummings fails to meaningfully oppose the motions.

As all three factors of res judicata are satisfied, the Court finds that all claims in this matter are barred. Accordingly, the Court **GRANTS** motions to dismiss by Cameron Group and Sony. The Court **DIMISSES WITH PREJUDICE** all claims in the Complaint against Cameron Group and Sony. Consequently, the Court **DENIES** Cummings's motions for an extension of time to serve various Defendants.

## C.    Attorneys' Fees

Finally, the Court addresses the Cameron Group's Motion for Attorneys' Fees. "[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The Supreme Court has suggested several factors the Court can consider in its discretion: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994). The Supreme Court recently clarified the purpose of the fee award: "When a litigant—whether plaintiff or defendant—is clearly correct, the likelihood that he will recover fees from the opposing (i.e., unreasonable) party gives him an incentive to litigate the case all the way to the end." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1986 (2016).

As the prevailing parties, Cameron Group are eligible for an award of their attorneys' fees. Here, the Court finds that Cummings's allegations are wildly factually unreasonable as he doesn't claim to have been on the Titanic but asserts that his experience on yachts and his several love interests inspired the plot and the character Rose. (Compl. ¶¶ 16, 17.) Furthermore, his claims are plainly barred by res judicata and therefore, legally unreasonable. Although his motivation appears to be sincere as he genuinely believes the film was based on his life, Cummings filed a

patently frivolous case. The Court finds that the factors weigh in favor of awarding attorneys' fees. *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1043 (9th Cir. 2018) (finding the District Court abused its discretion in failing to consider the unreasonableness of plaintiff's claim).

As this is his third case premised on identical facts and circumstances, the Court finds that an award of attorney's fees is justified to compensate the Defendants and should deter Cummings. Accordingly, the Court **GRANTS** the Motion for Attorneys' Fees.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Dolby's Motion to Dismiss **WITHOUT LEAVE TO AMEND** and Cameron Group and Sony Motions to Dismiss **WITH PREJUDICE**. (ECF Nos. 20, 29, 37.) The Court **DENIES as moot** Motions to Extend. (ECF Nos. 55, 57.) The Court **GRANTS** the Cameron Group Motion for Attorneys' Fees and invites the parties to file its Motion for Attorneys' Fees no later than October 14, 2020. The Court will enter Judgment.

**IT IS SO ORDERED**

September 14, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

9