O

# United States District Court
# Central District of California

| | |
|---|---|
| STEPHEN CUMMINGS,<br><br>               Plaintiff,<br><br>      v.<br><br>DOLBY LABORATORIES, INC., et al.,<br><br>               Defendants. | Case No. 2:20-cv-04443-ODW (PVCx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS [71]** |

## I. INTRODUCTION

Pro se Plaintiff Stephen Cummings initiated this copyright action based on his fanciful claim that Defendants[1] adapted the 1997 motion picture *Titanic* from his life story. (*See* Notice of Removal, Ex. A ("Complaint" or "Compl."), ECF No. 1-1.) The Court granted Defendants' motion to dismiss and invited a motion for attorneys' fees and costs. (Order Granting Mots. to Dismiss 8–9, ECF No. 69.) Defendants now request $20,534.65 in attorneys' fees and costs. (Mot. for Att'ys' Fees ("Mot."), ECF No. 71.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion.[2]

---

[1] Defendants are James Cameron; Lightstorm Entertainment, Inc.; Paramount Pictures Corp.; Paramount Home Entertainment, Inc.; and Twentieth Century Fox Film Corp.

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The Court has detailed the facts underlying this action in a prior Order and hereby incorporates that discussion by reference. (*See* Order Granting Mots. to Dismiss.) This lawsuit was Cummings's third attempt to recover from Defendants based on his claim that the character "Jack Dawson" from the film *Titanic* was based on his life story. (*Id.* at 2.) On May 19, 2017, Cummings first filed this lawsuit in the Middle District of Florida. (*See id.*) That case was dismissed because Cummings failed to comply with the local rules. (*Id.*) On November 2, 2017, Cummings filed a second lawsuit based on the same allegations that *Titanic* was based on his life story and that case was dismissed with prejudice. (*Id.*)

On January 7, 2020, Cummings initiated this action based on those same meritless claims. (*See* Compl.) Thus, on September 14, 2020, the Court granted Defendants' motion to dismiss Cummings's duplicative claims based on res judicata. (Order Granting Mots. to Dismiss 5–8.) As this case was premised on identical facts and circumstances as Cummings's two prior frivolous cases, the Court determined that "an award of attorney's fees is justified to compensate the Defendants and should deter Cummings," and invited Defendants to file a motion for fees and costs. (*Id.* at 9–10.) Pursuant to the Court's Order, Defendants now request $19,980 in attorneys' fees and $554.65 in costs, for a total of $20,534.65. (Mot.) Defendants' Motion is unopposed.

## III. LEGAL STANDARD

The Copyright Act grants courts discretion to award reasonable attorneys' fees and costs to the prevailing party in a copyright case. 17 U.S.C. § 505. District courts consider the following factors: "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010). These factors "are not exclusive and need not

all be met." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). Once the court determines a party is a "prevailing party" under § 505, it must consider whether the requested fees and costs are reasonable. 17 U.S.C. § 505; *see Accredability, LLC v. Accreditsoft*, No. CV 18-5969-DMG (FFMx), 2019 WL 4137409, at *4 (C.D. Cal. May 10, 2019).

## IV. DISCUSSION

The Court previously determined that Defendants are the prevailing party and entitled to attorneys' fees based on the frivolous nature of this case and to deter Cummings from filing further meritless lawsuits. (Order Granting Mots. to Dismiss 8–9.) Accordingly, the Court focuses its inquiry on whether Defendants' request for $20,534.65 ($19,980 in attorneys' fees and $554.65 in costs) is reasonable.

### A. Reasonable Attorneys' Fees and Costs

To calculate the fee award, the Court determines "the number of hours reasonably expended on the litigation" and multiplies that number "by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Defendants seek attorneys' fees based on the following rates and reported hours:

| Attorney | Rate | Hours | Amount |
|---|---|---|---|
| Michael R. Kreiner | $600 | 27.8 | $16,680 |
| Mark D. Litvack | $600 | 5.5 | $3,300 |
| **TOTAL** | | **33.3** | **$19,980** |

(*See* Declaration of Mark D. Litvack ("Litvack Decl."), Ex. A, ECF No. 71-2.)

#### 1. Reasonable Hourly Rate

Defendants request $600 per hour for their attorneys Mark D. Litvack and Michael R. Kreiner. (Mot. 1–3.) They claim $600 per hour is a reasonable blended rate that "reflects a discount of 49% on the standard rate of [Litvack], and 11.6% on the standard rate of [Kreiner]." (Mot. 2 (citing Litvack Decl. ¶ 6).)

To determine whether hourly rates are reasonable, courts consider "the rates prevailing in that district for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2015 WL 1746484, at *5 (C.D. Cal. Mar. 24, 2015) (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010)), *aff'd*, 847 F.3d 657 (9th Cir. 2017). "Unless counsel is working outside of his or her normal area of practice, evidence that a billing rate was the usual rate the attorney charges for his or her services is evidence that the rate is comparable to the market rate." *Id.* (internal quotation marks omitted); *see Kourtis v. Cameron*, 358 F. App'x 863, 868 (9th Cir. 2009) ("The district court's calculation of an attorney's fee award . . . based on the actual rates charged by [prevailing party's] attorneys was reasonable under 17 U.S.C. § 505."). Typically, "[i]n Los Angeles, partners have an hourly rate ranging from $450 to $955, and associates from $382 to $721." *Vasquez v. Packaging Corp. of Am.*, No. CV 19-1935-PSG (PLAx), 2020 WL 6785650, at *10 (C.D. Cal. Aug. 17, 2020) (citing *2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices*).

Litvack earned his law degree from Northwestern University School of Law and has over thirty-seven years of legal experience. (Litvack Decl. ¶ 3.) Litvack is a partner in the Los Angeles office of the law firm Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") and focuses his practice on civil litigation. (*Id.*) Litvack's standard billing rate is $1,185 per hour. (*Id.* ¶ 6.) Kreiner earned his law degree from Loyola Law School and has four years of legal experience. (*See id.* ¶ 4.) Kreiner is an associate in the Los Angeles office of Pillsbury and also focuses his practice on civil litigation. (*Id.*) Kreiner's standard billing rate is $670 per hour. (*Id.* ¶ 6.)

In the Motion, Defendants explain that they agreed upon a blended rate of $600 per hour for all attorney work performed in this matter. (Mot. 2.) Relevantly, Defendants' requested rate of $600 per hour for Litvack and Kreiner's work is significantly lower than both of their usual rates, (Litvack Decl. ¶ 6), and well within

the range of what other partners and associates that service corporate clients charge in this district, *see Vasquez*, 2020 WL 6785650. Accordingly, the Court finds that Defendants have carried their burden to demonstrate that their requested rates are aligned with those prevailing in the community for civil litigators in Southern California. For the foregoing reasons, the Court concludes that the blended rate of $600 per hour for Litvack and Kreiner is reasonable, and Defendants shall be entitled to recover for their attorneys' time at that rate.

### 2. *Reasonable Number of Hours Expended*

Defendants seek to recover for the 33.3 hours their attorneys expended litigating this matter (e.g., moving to dismiss this action on *res judicata* grounds and moving for attorneys' fees). (Mot. 2.)

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008).

In support of the Motion, Defendants submit a table outlining the tasks and hours their attorneys billed for work on this case. (Litvack Decl., Ex. A.) After reviewing the evidence, the Court finds that Defendants have adequately supported their requested hours. Kreiner, the associate on this matter, performed the majority of the work and seeks fees for the 27.8 hours he expended on tasks that appear necessary to quickly resolve this duplicative case. (*See id.*) Litvack, the supervising partner, expended only 6.6 hours finalizing motions, discussing issues with clients, and preparing for hearings. (*See id.*) Accordingly, the Court finds that Defendants' attorneys may recover for the 33.3 hours they reasonably expended litigating this

action. *See Moreno*, 534 F.3d at 1115 (explaining that the district court should defer to the winning lawyers' professional judgment).

**B.  Costs**

Defendants request $554.65 in costs and provide a table summarizing those costs as follows:

| Costs | Amount |
|---|---|
| Filing Fee for Removal | $400.00 |
| FedEx Expenses | $25.65 |
| Online Research Expenses | $129.00 |
| **TOTAL** | **$554.65** |

(Mot. 3 (citing Litvack Decl., Ex. A).)

The Copyright Act authorizes the court to award "full costs" to a party in copyright litigation. *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019). "That term means the costs specified in the general costs statute, [28 U.S.C. §§ 1821, 1920]." *Id.*

Here, the Court finds that Defendants' request for $400 for filing fees is appropriate. *See* 28 U.S.C. § 1920. However, Defendants rely on an outdated case to support their request for FedEx and online research expenses. (*See* Mot. 3 (citing *Urban Textile Inc. v. Specialty Retailers, Inc.*, No. 2:15-cv-03456-ODW, 2017 WL 5983761, at *5 (June 15, 2017) (granting costs for online legal research expenses, messenger, courier, and overnight mail expenses). After *Urban Textile* was decided by this Court, the Supreme Court clarified that even in a Copyright Act case, recoverable costs are limited to only those specified in the general costs statute. *See Rimini Street*, 139 S. Ct. at 881 (citing 28 U.S.C. § 1920). In light of *Rimini Street's* holding and Defendants' failure to cite to any persuasive authority, Defendants cannot recover the $154.65 they seek for FedEx and online research costs. Thus, in total, Defendants may recover costs in the amount of $400.

## V. CONCLUSION

For the reasons discussed above, the **GRANTS** Defendants' Motion (ECF No. 71.) The Court awards Defendants attorneys' fees in the amount of $19,980 and litigation costs in the amount of $400, for a total award of $20,380.

**IT IS SO ORDERED.**

April 20, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**